UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| SCOTT MAY, as Personal Representative )<br>for THE ESTATE OF HUGH M. MAY; and )<br>JON D. BATCHELOR, individually and on )<br>behalf of all others similarly situated, )<br>        Plaintiffs, )<br>         )<br>    vs. )<br>         )<br>PUTNAM COUNTY SHERIFF MARK )<br>FRISBIE, individually and in his official )<br>capacity, SGT. DEBRA ROBINSON, )<br>individually, UNNAMED PUTNAM COUNTY )<br>JAILERS, individually, )<br>        Defendants. ) | 2:07-cv-286-LJM-WGH |

**ORDER ON PLAINTIFF'S MOTION TO ALTER JUDGMENT**

This matter comes before the Court on plaintiff's, Jon D. Batchelor ("Batchelor"), Motion to Alter Judgment pursuant to Federal Rule of Civil Procedure 59(e). In his Motion, Batchelor requests that the Court reconsider it earlier denial of plaintiffs', Scott May, as Personal Representative for the Estate of Hugh M. May, and Batchelor ("Plaintiffs"), Motion for Class Certification. However, "[a]n order certifying or declining to certify a class is not a "judgment." *Blair v. Equifax Check Services, Inc.*, 181 F.3d 832, 837 (7th Cir. 1999). Therefore, Batchelor's Motion to Alter Judgment pursuant to Rule 59(e) is inappropriate at this time. The Court nonetheless treats Batchelor's Motion as a Motion for Reconsideration pursuant to Rule 54(b) and proceeds accordingly. The Court has considered the parties arguments and, for the following reasons, **GRANTS in part and DENIES in part** Batchelor's Motion for Reconsideration.

## I. **BACKGROUND**

Plaintiffs initiated this lawsuit against Defendants, Putnam County Sheriff Mark Frisbie, individually and in his official capacity, Sgt. Debra Robinson, individually, Unnamed Putnam County Jailers, individually (collectively, "Defendants"), alleging that Defendants subjected Hugh May and Batchelor to involuntary strip searches pursuant to an unconstitutional strip search policy. In their Amended Complaint, in addition to compensatory and declaratory relief, Plaintiffs requested the Court to provide the following injunctive relief:

1. enjoin all Putnam County defendants from subjecting arrested individuals to strip searches without having individualized suspicion of weapons, contraband or concealed evidence;

2. enjoin Putnam County and all law enforcement defendants from retaliating in any way, directly or indirectly, against any of Plaintiff class members, and anyone involved in assisting Plaintiff class members in having Putnam County Jail's strip search policy declared unconstitutional;

Dkt. No. 46, at 9-10. Plaintiffs moved the Court to certify the following classes pursuant to Federal Rule of Civil Procedure 23:

1. Pretrial detainees who were subjected to a visual strip search upon intake into the Putnam County Jail during the period of time from October 17, 2005, to the present and for which records indicate were strip searched solely because they were arrested and despite no specific articulable individualized reasonable suspicion that they were secreting weapons or contraband.

2. All pretrial detainees who were subjected to a more invasive strip search (including search of genitalia, the anus, and/or breasts) upon intake into the Putnam County Jail during the period of time from October 17, 2005, to the present and for which records indicate were strip searched solely because they were arrested and despite no

> specific articulable individualized reasonable suspicion that they were secreting weapons or contraband.

Dkt. No. 51, at 1-2.

On March 23, 2009, the Court denied Plaintiffs' Motion to Certify Class. First, the Court concluded that Scott May as personal representative of the Estate of Hugh May could not serve as a class representative because the Estate of Hugh May did not have a valid claim against Defendants that survived Hugh May's death. Dkt. No. 68, at 11-13. In addition, although the Court concluded that Batchelor satisfied Rule 23(a) of the Federal Rules of Civil Procedure ("Rule 23(a)") with respect to the first subclass listed above, the Court nonetheless concluded that Batchelor failed to satisfy Rule 23(b). Specifically, the Court stated

> to determine whether or not an individual qualifies as a class member, regardless of whether Batchelor seeks injunctive or monetary relief, the Court will necessarily have to determine whether Defendants' search of that specific individual was supported by a reasonable suspicion that the individual had concealed controlled substances, weapons, or other contraband. Accordingly, the Court finds that a class action is not superior to other methods of resolving the matters in controversy.

Dkt. No. 68, at 17 (citing *Bledsoe v. Combs*, No. NA 99-153-C H/G, 200 WL681094, at *1 (S.D. Ind. Mar. 14, 2000)). Batchelor now requests that the Court reconsider its decision that Batchelor did not satisfy Rule 23(b)(2) as to § 1983 claim for declaratory and injunctive relief.

## II. STANDARD

Rule 54(b) provides that

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any

3

> time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). The parties have asked the Court to reconsider a pre-judgment interlocutory decision. Such decisions may be reconsidered at any time. *See Matter of 949 Erie St., Racine, Wis.*, 824 F.2d 538, 541 (7th Cir. 1987); *Cameo Convalescent Ctr., Inc. v. Perry*, 800 F.2d 108, 110 (7th Cir. 1986). Under the "law of the case" doctrine, the Court may refuse to consider that which has already been decided, *see Cameo Convalescent Ctr.*, 800 F.2d at 110, however, the Court has "the discretion to make a different determination of any matters that have not been taken to judgment or determined on appeal." *Id.* A motion to reconsider must be based on the need "to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.* 90 F.3d 1264, 1269 (7th Cir. 1996). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

### III. DISCUSSION

For the purposes of this motion, Batchelor acknowledges that the Court explicitly denied his motion to certify a class for his damages claim under Rule 23(b)(3). He disputes whether or not the Court also explicitly ruled upon his Motion to Certify his claims for injunctive relief under FRCP 23(b)(2). He argues that, to the extent the Court denied his Motion to Certify under FRCP 23(b)(2), the Court should reconsider that Order and grant Batchelor's Motion to Certify as to the first subclass.

To the extent that his prayer for relief seeks an injunction to prohibit retaliation against the class members such that Defendants would be subject to contempt should they retaliate, the Court would necessarily need to determine which individuals qualified for class membership. As the Court concluded in its earlier order, the Court would have to determine whether Defendants' strip searches were supported by an individualized reasonable suspicion for each individual. Accordingly, with respect to that requested relief, the Court **DENIES** Batchelor's Motion to Reconsider.

Ultimately, Batchelor seeks to protect future detainees from Defendants' allegedly unconstitutional strip search policy by forcing the Putnam County Jail to change its strip search policy and to retrain the jail personnel. Batchelor effectively redefines the proposed class to include only future detainees of Putnam County Jail that would, without relief from this Court, be subjected to an allegedly unconstitutional strip search.

Although Batchelor seeks to represent a class of future detainees, he admits that he does not expect to commit additional criminal offenses in Putnam County nor that he expects to be detained at the Putnam County Jail in the future. Accordingly, it appears to the Court that Batchelor is not entitled to the relief he requested. *See Arreola v. Godinez*, 546 F.3d 788, 795 (7th Cir. 2008) (holding that former detainees claim for injunctive relief to strike down jail's policy that prohibited the use of crutches in certain areas failed because "the likelihood that [the proposed class plaintiff] w[ould] return to the Jail *and* w[ould] once again be suffering from a lower-extremity fracture requiring crutches [wa]s too speculative.") (emphasis in original). However, the Court concludes that Batchelor's claim qualifies has a claim capable of repetition but evading review, *see U.S. Parole Comm'n v. Garaghty*, 445 U.S. 388 (1980), because no Putnam County Jail detainee would ever be

detained long enough to challenge the policy in his or her own right. Accordingly, assuming Putnam County strip searches all detainees without a reasonable suspicion as Batchelor asserts, the only way to effectively change that policy is through the use of a Rule 23(b)(2) class action for injunctive relief.

Moreover, as Batchelor points out, unlike his proposed Rule 23(b)(3) class for his damages claim, the Court will not have to review the underlying facts of each potential class members' arrest and strip search to determine whether Defendants had a reasonable suspicion that the particular individual possessed a weapon, drugs, or contraband. The question under Rule 23(b)(2) focuses on the procedure followed by personnel at the Putnam County Jail as a matter of course, which does not depend on the identity of the detainee. Furthermore, "[a] Rule 23(b)(2) class action does not require giving class members notice of the suit and a chance to opt out of it and bring their own, individual suits." *In re: Allsate Ins. Co.*, 400 F.3d 505, 506-07 (7th Cir. 2005).

Therefore, the Court **GRANTS** Batchelor's Motion to Reconsider. Consequently, the Court must determine whether or not Batchelor satisfies Rule 23 with respect to the following class:

> All future pretrial detainees who will be subjected to a visual strip search upon intake into the Putnam County Jail solely because they are arrested and despite no specific articulable individualized reasonable suspicion that they are secreting weapons or contraband.

For the reasons stated herein, and in the Courts earlier Order, the Court concludes that Batchelor has satisfied Rule 23(a). In addition, the Court concludes that Batchelor has asserted facts that, if true, demonstrate that Defendants have "acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding

declaratory relief is appropriate respecting the class as a whole." Accordingly, Batchelor has satisfied Rule 23(b)(2).

Therefore, the Court **GRANTS in part and DENIES in part** Plaintiffs' Motion to Certify Class.

### IV.  CONCLUSION

For the foregoing reasons, plaintiff's, Jon D. Batchelor, individually and on behalf of all others similarly situated, Motion to Alter Judgment (Dkt. No. 70) is **GRANTED in part and DENIED in part**.  Plaintiffs' Motion to Certify Class (Dkt. No.51) is **GRANTED in part and DENIED in part**.

IT IS SO ORDERED this 28th day of April, 2009.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distributed to:

Robert Peter Kondras Jr.
HUNT HASSLER & LORENZ LLP
kondras@huntlawfirm.net

Michael Roy Morow
STEPHENSON MOROW & SEMLER
mmorow@stephlaw.com

Ian L. Stewart
STEPHENSON MOROW & SEMLER
istewart@stephlaw.com